Ryan UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY, an individual

    Plaintiff,

v.                                                         Case No: 2:17-cv-230-FtM-38CM

LEE COUNTY, FLORIDA, BOARD
OF COUNTY COMMISSIONERS,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Jeffrey Joel Judy's Motion to Set Aside Order of Dismissal (Doc. 37) filed on March 9, 2018. Defendant, Lee County, Florida, Board of County Commissioners ("LCBCC") responded on March 23, 2018. (Doc. 38). This matter is ripe for review.

## **BACKGROUND**

This matter centers on facilities that allegedly do not comply with the Americans with Disabilities Act ("ADA"). After encountering these facilities, Judy sued the LCBCC. (Doc. 1). In June 2017, the Court issued its ADA Title III Scheduling Order, which stated that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

> [i]f the parties settle, the settlement agreement should contain, to the extent possible, an agreement on attorney's fees, including litigation expenses, and costs. If there is no agreement, the Court, at the parties' request, will reserve jurisdiction to decide the issue of attorney's fees, expenses, and costs. Any request for attorney's fees, expense, and costs, must be made in a separate motion or petition filed no later than fourteen (14) days after the entry of judgment.

(Doc. 14 at 2).

In January 2018, LCBCC filed a Notice of Settlement. (Doc. 27). Under Local Rule 3.08, the Court dismissed the case without prejudice, subject to the right of any party to file a stipulated form of final judgment or move to reopen within thirty days. (Doc. 28). Judy then submitted a Joint Stipulation for Dismissal with Prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (the "Joint Stipulation"). (Doc. 33). It stated that "[e]ach party shall bear its own costs and attorney's fees in connection with this matter, except that the parties request that the Court retain jurisdiction to determine the issue of entitlement and amount of Plaintiff's attorney's fees and costs if a motion is filed by March 30, 2018." (Doc. 33 at 1). The Court then issued an Order noting that the Joint Stipulation was effective upon filing, and declining jurisdiction to determine the entitlement and amount of Judy's attorney's fees and costs. (Doc. 34). Now, Judy asks the Court to vacate its Order accepting the Joint Stipulation and dismissing the case with prejudice. (Doc. 37).

**DISCUSSION**

Judy asks the Court to reconsider its previous order under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). Rule 60 provides for relief "from a final judgment, order, or proceeding . . . ." FED. R. CIV. P. 60(b). Rule 60(b)(1) provides for relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect." *Id*. at 60(b)(1). In the

alternative, Rule 60(b)(6) allows litigants to request relief under "any other reason that justifies relief," so long as it is shown that 'extraordinary circumstances' justify the reopening of a final judgment." *Id.* at 60(b)(6); *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014). Motions filed under Rule 60(b) are subject to the "sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

First, Judy moves the Court to vacate its Order under Rule 60(b)(1), arguing the Court erred by failing to retain jurisdiction to adjudicate costs, expenses, and fees based upon how he interpreted the ADA Title III Scheduling Order. In specific, he argues the ADA Title III Scheduling Order divested the Court of the discretion to decline continuing jurisdiction through its statement that "[i]f there is no agreement, the Court, at the parties' request, will reserve jurisdiction to decide the issue of attorney's fees and costs." (Doc. 14 at 2). This argument fails.

Contrary to Judy's interpretation, the provision pertains only to the contents of a settlement agreement, and to the actions the parties may take before filing a stipulation of dismissal. This approach is in lockstep with the framework embraced by the Eleventh Circuit in *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272 (11th Cir. 2012). There, the court noted that "[b]ecause a court has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective . . . the court must enter [an] order retaining jurisdiction before [a] stipulation becomes effective." *Id.* at 1280. A stipulation filed under Rule 41(a)(1)(A)(ii) is "effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Id.* at 1278. Accordingly,

> for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction

3

> . . . *prior* to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.

*Id.* at 1280 (emphasis added).

Here, under Local Rule 3.08, counsel had a duty to notify the Court upon the settlement, at which point the Court was empowered to administratively close the case and allow the parties to file a stipulated form of final judgment. In congruence with that directive, after counsel filed a Notice of Settlement (Doc. 27), the Court administratively closed the case for thirty days. (Doc. 28). During this time, Judy could have moved the Court to retain jurisdiction to determine fees, costs, and expenses. He did not. He could have also negotiated with LCBCC to condition the effectiveness of the Joint Stipulation on the Court's entry of an order retaining jurisdiction. But that language did not appear in the Joint Stipulation. Instead, he placed his reliance on a faulty reading of the Court's ADA Title III Scheduling Order and the Joint Stipulation merely requested that the Court retain jurisdiction to determine fees, costs, and expenses. Because the ADA Title III Scheduling Order merely reflected the Eleventh Circuit's well-defined procedures for the retention of jurisdiction, the Court finds no error in its acceptance of the Joint Stipulation.

Next, Judy argues that the Court's Order should be vacated because his counsel initially intended to precondition the parties' settlement on the Court's retention of jurisdiction to determine fees, costs, and expenses, but mistakenly "allowed" LCBCC to delete a provision to that effect for a more ambiguous statement. In support, Judy provides draft joint stipulation that preconditions its effectiveness on the Court's retention of jurisdiction to determine fees and costs. (Doc. 37-2 at 1). LCBCC responds that Judy's

4

argument is meritless because it never agreed to the conditional language, and because Judy's counsel agreed to the removal of the language, signed the document, and filed it.

Judy's argument fails. LCBCC provides conclusive evidence in the form of numerous emails that show Judy's counsel knew of the alterations to the Joint Stipulation and agreed to the final form of the document. (Docs. 38-1; 38-2; 38-3; 38-4; 38-5). By signing the Joint Stipulation, Judy's counsel was merely making a tactical legal decision. Courts have found that "Rule 60(b) does not provide a party relief from a tactical litigation decision which, in hindsight, has been determined to be a mistake." *Armstrong v. Sec'y Dep't of Corr.,* No. 3:17CV39/MCR/EMT, 2017 WL 1251053, at *2 (N.D. Fla. Mar. 1, 2017), report and recommendation adopted, No. 3:17CV39/MCR/EMT, 2017 WL 1234142 (N.D. Fla. Apr. 3, 2017); *see also McCarthy v. Consulate Health Care,* No. 4:13CV132-WS/CAS, 2016 WL 1729604, at *3 (N.D. Fla. Mar. 29, 2016), report and recommendation adopted, No. 4:13CV132-WS, 2016 WL 1732743 (N.D. Fla. Apr. 28, 2016); *Am. Lifeguard Ass'n, Inc. v. Am. Red Cross*, 21 F.3d 421 (4th Cir. 1994) ("Perhaps the most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party."). Here, because Judy's counsel signed and filed the Joint Stipulation, it cannot constitute a mistake under Rule 60(b)(1).

Finally, Judy requests relief under Rule 60(b)(6) because he argues that the Court's Order accepting the Joint Stipulation deprived him of prevailing party status and the reimbursement of his counsel's fees and costs. LCBCC responds that Judy's argument must fail because his counsel was not entitled to attorney's fees. The Court agrees.

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Congress, however, has authorized the award of attorney's fees to a "prevailing party" in certain enumerated circumstances, including under the ADA. 42 U.S.C. § 12205. But the award of fees to a prevailing party has been specifically limited to situations in which there is an alteration of the legal relationship to the parties in a dispute. *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602. "In other words, there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (internal quotations omitted). Merely bringing a lawsuit that results in the implementation of desired changes sought is not enough. *See Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1108 n. 33 (11th Cir. 2011).

Against this backdrop, Judy is not entitled to attorney's fees. The record reflects only that he filed a Complaint and settled his case almost a year later. At no point did Judy ever obtain a ruling on the merits or a judicial *imprimatur* on the change in the legal relationship between the parties. Though his efforts may have acted as the catalyst resulting in relief under the ADA, that alone is not sufficient to qualify for prevailing party status. *See id*. Judy cannot demonstrate extraordinary circumstances that would merit relief from the Court's acceptance of the Joint Stipulation. His motion is, therefore, denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Jeffrey Joel Judy's Motion to Set Aside Order of Dismissal (Doc. 37) is

    **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record